**10**

ABINGTON HEIGHTS SCHOOL
DISTRICT, Plaintiffs,

v.

SPEEDSPACE CORPORATION and
Universal Manufacturing Corp.,
Defendants.

Civ. A. No. 79–817.

United States District Court,
M. D. Pennsylvania.

Aug. 11, 1980.

Joseph P. Lenahan, Lenahan & Dempsey, Scranton, Pa., for plaintiff.

Timothy E. Foley, Scranton, Pa., for Universal.

Oldrich Foucek, III, Allentown, Pa., for Speedspace.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

On May 30, 1980, this Court entered an order which granted summary judgment in favor of Defendant Speedspace Corporation, and which dismissed Plaintiff's complaint against Speedspace. On June 9, 1980, Plaintiff filed a motion to vacate the May 30 Order, and petitioned the court for a rehearing, based on after discovered evidence.

Plaintiff instituted this action against Speedspace to recover for its alleged negligence in the design and construction of a prefabricated structure which was damaged in a fire on June 1, 1976. The building had been purchased from Speedspace in 1970. This lawsuit was filed on June 27, 1979. In the interim period, Speedspace ceased doing business in the Commonwealth of Pennsylvania, and the corporation itself dissolved. A certificate of dissolution was filed in California on December 13, 1978. Since California law does not provide a period after the certificate of dissolution is filed during which a dissolved corporation remains amenable to suit, the Court granted Speedspace's motion for summary judgment. Plaintiff filed its suit after Speedspace's dissolution date, and the corporation could no longer be sued.

Plaintiff now claims to have discovered evidence that the Speedspace Corporation was not dissolved, but was in fact consoli-

dated with the Potlatch Corporation. Plaintiffs aver that Speedspace was an affiliate of Potlatch, and that Potlatch may therefore be amenable to suit even though Speedspace, the wholly owned and controlled subsidiary cannot be sued. Plaintiffs petition the court to reconsider the Order of May 30, and allow the full nature of the relationship between Potlatch and Speedspace to be explored.

■ F.R.Civ.P. 60(b)(2) allows a judgment to be opened when the Court has been presented with after discovered evidence. Plaintiff characterizes the discovery of a possible parent-subsidiary relationship between Potlatch and Speedspace as newly discovered evidence. This will only be found to be a justification for reopening the prior judgment if the evidence newly offered will affect the outcome of the issue. *Trans Mississippi Corporation v. United States,* 494 F.2d 770 (5th Cir. 1974).

■ In the case at bar, the fact that Potlatch may be a parent corporation does not change the fact that Speedspace itself is no longer in existence and is not amenable to suit. The propriety of the summary judgment issued in favor of Speedspace Corporation as an entity is not changed.

If there does exist a legal relationship between Potlatch and Speedspace which would make Potlatch liable for Speedspace's negligence this can be explored by the filing of a motion to amend the complaint to name Potlatch as a Defendant. The re-institution of the original complaint against Speedspace, a non-entity for the purpose of suit will not accomplish this result.

Plaintiffs' Motion to Vacate and Petition for Reconsideration will therefore be denied.